UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-635-RJC
(3:09-cr-239-RJC)

| ALLEN WAYNE POSTON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), and the Government's Response, (Doc. No. 8). For the reasons stated below, the Court will dismiss the motion.

**I.  BACKGROUND**

From September 2004 to November 2009, Petitioner engaged in a fraudulent investment scheme in which he solicited investments in a purported financial settlement, even though his claims had already been dismissed. (Case No. 3:09-cr-239, Doc. No. 12: Presentence Report (PSR) at 3). Petitioner owned property in Cherryville, North Carolina, on which he operated a garden nursery. (Id.). In 1999, fire damaged a building on the property. (Id.). Petitioner initiated litigation in this Court, stemming from various insurance claims related to the fire damage. (Id.).

On September 19, 2003, this Court, the Honorable Graham C. Mullen presiding, dismissed each of Petitioner's claims. (Id.). Petitioner then convinced several individuals to invest in the proceeds of what he falsely represented would be a significant financial settlement

resulting from the insurance litigation. (Id. at 3-4). Petitioner fraudulently obtained a total of approximately $1.2 million from the victims of his fraudulent scheme. (Id. at 4).

On December 21, 2009, Petitioner entered into a Plea Agreement with the Government, agreeing to plead guilty to wire fraud and aiding and abetting the same, in violation of 18 U.S.C. §§ 1343 and 2. (Id., Doc. No. 2). The Bill of Information alleged, in part, that "[f]rom in or about September, 2004 through in or about November, 2009, in furtherance of the scheme and artifice to defraud, POSTON made false and fraudulent representations to individuals concerning fictitious Fox Creek Fire litigation and as a result fraudulently obtained approximately $1,036,789," and that "POSTON routinely conducted telephone calls and financial transactions in interstate commerce in furtherance of the scheme." (Id., Doc. No. 1: Bill of Information at 2).

In his Plea Agreement, Petitioner admitted to being in fact guilty as charged in the Information, and he stipulated that there was a factual basis for his plea and that the Court may use the offense conduct in the PSR to establish that factual basis. (Id., Doc. No. 2 at 1). In exchange for the concessions made by the Government, Petitioner also agreed to waive his rights to appeal or collaterally attack his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 6).

On October 26, 2010, a magistrate judge conducted a plea hearing and Rule 11 colloquy. (Id., Doc. No. 21: Rule 11 Hr'g Tr.). At the hearing, the Government summarized the key provisions of the Plea Agreement, and Petitioner confirmed that he understood and agreed to its terms. (Id. at 13-18). Petitioner swore that he understood the charge to which he was pleading guilty, had discussed the case and any potential defenses with his attorney, and that he was in fact guilty of the wire fraud charge. (Id. at 9-13). At the conclusion of the hearing, the magistrate judge accepted Petitioner's guilty plea as knowingly and voluntary made. (Id. at 20).

In preparation for Petitioner's sentencing hearing, a probation officer calculated an adjusted offense level of 25, based on a loss amount of more than $1 million but less than $2.5 million and the fact that at least one of the victims was an elderly, vulnerable victim. (Id., Doc. No. 12: PSR at 5). Petitioner's offense level was decreased three levels for acceptance of responsibility, resulting in a total offense level of 22. (Id.). When coupled with Petitioner's criminal history category of I, the resulting advisory guidelines range of imprisonment was 41 to 51 months. (Id. at 11).

Before sentencing, Petitioner filed a motion to withdraw his guilty plea, which the Court denied based on its conclusion that Petitioner failed to present credible evidence that his plea was not voluntary or that he was legally innocent. (Id., Doc. No. 23: Motion; Doc. No. 32: Order at 4-5). In response to Petitioner's unsuccessful motion to withdraw his guilty plea, the probation officer submitted a revised PSR, removing the three-level reduction for acceptance of responsibility. (Id., Doc. No. 33 at 5, 15). The revised guidelines range of imprisonment was 57 to 71 months, based on a total offense level of 25 and a criminal history category of I. (Id. at 11).

The Court conducted Petitioner's sentencing hearing on March 16, 2011, and found that there was a factual basis to support Petitioner's guilty plea based on the offense conduct set forth in the PSR. (Id., Doc. No. 48: Sent. Hr'g Tr. at 3). The Court also adopted the revised guidelines range of 57 to 61 months set forth in the PSR, concluding that Petitioner was not entitled to a reduction for acceptance of responsibility in light of his assertion of innocence in the motion to withdraw. (Id. at 7). After discussing the sentencing factors, however, the Court varied downward from the advisory range and imposed a sentence of 48 months, which "would have been in the high end of the otherwise applicable guideline range." (Id. at 25).

3

Judgment was entered on March 17, 2011. (Id., Doc. No. 35). Petitioner appealed, raising an ineffective assistance of counsel claim, and the Fourth Circuit Court of Appeals affirmed the Judgment on February 3, 2012. United States v. Poston, 463 F. App'x 211 (4th Cir. 2012). On September 25, 2012, Petitioner filed the instant timely motion to vacate pursuant to 28 U.S.C. § 2255, raising the following three claims: (1) ineffective assistance of counsel based on counsel's failure to challenge the aiding and abetting language in the indictment; (2) ineffective assistance of counsel and prosecutorial misconduct based on Petitioner's contention that the applicable statute of limitations barred the Government from prosecuting Petitioner on the wire fraud charge; and (3) failure to allege all of the essential elements of wire fraud in the Bill of Information.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the motion to vacate and the Government's brief in response, the Court finds that Petitioner's arguments can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was

prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-92 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "<u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Counsel is presumed to be competent, and a petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id. A petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where a defendant has pled guilty, he must show

5

"there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Finally, it is well established that counsel is permitted wide latitude in determining which claims are most likely to succeed on appeal and are therefore worth bringing. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983); Fisher v. Lee, 215 F.3d 438, 457 (4th Cir. 2000). Counsel is not required to assert all non-frivolous issues on appeal. See Jones, 463 U.S. at 751-52.

### 1.     Ineffective assistance based on aiding and abetting charge

Petitioner first claims that he was deprived of due process because the Bill of Information did not provide a statement of the facts and circumstances in support of the charge of aiding and abetting under 18 U.S.C. § 2. Petitioner further contends that counsel's failure to move to dismiss the Bill of Information on these grounds constituted deficient performance. Petitioner's claim is without merit. The Fourth Circuit has explained that aiding and abetting is not an essential element of an offense and that "a conviction under 18 U.S.C. § 2 may be obtained although the defendant was not indicted under § 2." United States v. Willis, 346 F.3d 476, 495 (4th Cir. 2003). Thus, here, even if Petitioner's counsel had challenged the wording of the Bill of Information, any such claim would have been unavailing. As noted above, counsel is not required to assert all non-frivolous issues on appeal. See Jones, 463 U.S. at 751-52. In sum, Petitioner has not shown that counsel's performance was deficient, or that the outcome of the proceeding would have been different; therefore, his ineffective assistance claim based on counsel's failure to challenge the aiding and abetting charge is without merit.

6

### 2. Ineffective assistance and prosecutorial misconduct based on statute of limitations

Courts review claims of prosecutorial misconduct "to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotations omitted). Petitioner contends that his criminal conduct ended in September 2004 and that the prosecution against him in December 2009 was outside of the five-year statute of limitations. See 18 U.S.C. § 3282 (establishing a five-year statute of limitations for wire fraud). In support, Petitioner refers to a statement by a witness at the sentencing hearing who, according to Petitioner, testified "that the money in question was obtained by petitioner in September of 2004." (Doc. No. 1: Motion at 4). The sentencing transcript, however, does not establish that Petitioner's fraud ended in September 2004, but rather shows that the fraud occurred over the course of about five years, beginning in 2004. (Case No. 3:09cr239, Doc. No. 48: Sent. Hr'g Tr. 10, 16-19). In any event, the victim impact statements were not the factual basis for Petitioner's guilty plea but, instead, aided the Court in determining an appropriate sentence.

Furthermore, the Bill of Information alleged that Petitioner's scheme to defraud lasted from September 2004 through November 2009. At his plea and Rule 11 hearing, Petitioner admitted to being in fact guilty of the crime as charged in the Information. Petitioner stipulated to the factual basis contained in the PSR, which described the duration of Petitioner's fraud as lasting from September 2004 through November 2009. Because the record establishes that Petitioner's criminal conduct lasted until November 2009, his prosecution in December 2009 was well within the five-year statute of limitations. Therefore, Petitioner's claim regarding the statute of limitations has no merit.

### B. Elements of Wire Fraud

The essential elements of wire fraud include (1) the existence of a scheme to defraud and (2) the use of interstate wires in furtherance of that scheme. See United States v. Mehta, 594 F.3d 277 (4th Cir. 2010). Petitioner contends for the first time in his motion to vacate that the Bill of Information failed to allege that he used interstate wires in furtherance of his fraudulent scheme because telephone calls do not satisfy the second essential element of wire fraud.

First, Petitioner waived his right to appeal or collaterally attack his conviction or sentence with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. Such a waiver is enforceable as long as the defendant waives the right knowingly and voluntarily. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner does not allege that his waiver not enforceable. In fact, the Rule 11 colloquy establishes that Petitioner pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including the waiver of his right to challenge his conviction in a § 2255 motion to vacate. Petitioner's claim that the information failed to allege all of the essential elements of wire fraud does not fall within one of the two exceptions; therefore, it is barred by the waiver.

Next, claims that could have been raised on appeal, but were not, may not be asserted for the first time in a collateral proceeding unless the petitioner demonstrates cause excusing his procedural default and actual prejudice resulting from the alleged errors. In United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), the Fourth Circuit pointed out that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would

8

result from the refusal of the court to entertain the collateral attack." Id. (citing United States v. Frady, 456 U.S. 152 (1982)); see also Bousley v. United States, 523 U.S. 614, 621 (1998) (failure to challenge a matter on direct appeal, absent certain compelling circumstances, bars collateral review of same). Petitioner failed to challenge his third and final ground on direct appeal, and he offers no evidence to establish cause or prejudice for such failure. Accordingly, this claim is barred.

Finally, even if Petitioner's claim were not precluded based on his valid waiver and procedural default, it is nevertheless meritless. The Bill of Information alleges that Petitioner used interstate phone calls and financial transactions to further his fraudulent investment scheme. Either one of these bases constitutes the use of interstate wires in furtherance of a fraudulent scheme and is sufficient to satisfy the second element of wire fraud. United States v. Pasquantino, 336 F.3d 321, 336 (4th Cir. 2003) (affirming wire fraud conviction where the basis for the offense was a single interstate telephone call). Thus, Petitioner is not entitled to relief on the third ground alleged in the motion.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that**:**

1. Petitioner's Motion to Vacate (Doc. No. 1) is **DENIED** and **DISMISSED** with prejudice; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack

v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 22,

Robert J. Conrad, Jr.
Chief United States District Judge

10